# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES HOGAN and ANDREW J.J. WOLF,<br><br>                    Plaintiffs,<br><br>    v.<br><br>IDAHO DEPARTMENT OF CORRECTION; KEVIN KEMPF; JEFF ZMUDA; SHANNON CLUNEY; SHANE EVANS; HOWARD YORDY; GARRETT COBURN; LEROY PENEKU; JESSYCA TYLER; JENANETTE HUNTER; JEFF KIRKMAN; DAN COPELAND; JOSH TEWALT; FSO HOUSTON; FSO BONNER; and KATHLEEN WILLSON,<br><br>                    Defendants. | Case No. 1:15-cv-00308-BLW<br><br>**ORDER ON REVIEW OF AMENDED COMPLAINT** |

Plaintiffs James Hogan and Andrew J.J. Wolf, prisoners in the custody of the Idaho Department of Correction (IDOC), are proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiffs' Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiffs an opportunity to file an amended complaint. (Initial Review Order, Dkt. 11.) Plaintiffs have now filed a proposed amended complaint, along with a Motion to Review the Amended Complaint. (Dkt. 12, 13.)

**ORDER ON REVIEW OF AMENDED COMPLAINT - 1**

Having carefully reviewed the Amended Complaint, the Court concludes that Plaintiffs have failed to remedy the deficiencies in the initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

## 1.    Review of Amended Complaint

In the Initial Review Order, the Court determined that the initial Complaint failed to state upon which relief could be granted under the First Amendment or the Religious Land Use and Institutionalized Persons Act (RLUIPA) because Plaintiffs had not plausibly alleged that their religious beliefs were substantially burdened by the IDOC's policy of offering a "mainline" diet and four selective diets: (1) a lacto-ovo diet, which contains animal products but no meat; (2) a vegan diet, which contains no animal products; (3) a healthy choice diet, which is low in fat and sugar; and (4) a non-pork diet, which contains animal products other than pork. (*See* Dkt. 11 at 2, 11-13, 15-16.) The proposed amended complaint fares no better. Although Plaintiffs allege that they are entitled to a specific Halal diet or a specific Catholic Lenten diet and that none of the selective diets complies with Plaintiff's religious dietary requirements, it is clear from the pleadings that at least one diet offered by the IDOC—the vegan diet—satisfies both Halal and Catholic Lenten dietary precepts as described in the proposed amended complaint. Therefore, the amended complaint does not state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the Court previously explained, "Plaintiffs are not entitled to demand meat in a religious diet—they are perfectly able to choose a vegan diet (or a non-pork or lacto-ovo diet) that complies with their religious dietary restrictions. IDOC's decision to offer the

**ORDER ON REVIEW OF AMENDED COMPLAINT - 2**

selective diets instead of specific religious meals prepared according to each inmate's religious beliefs is reasonably related to the legitimate penological purpose of meeting and maintaining each prisoner's nutritional needs, while still running an efficient institution." (Dkt. 11 at 11.) Further, a state prison does not violate RLUIPA by failing to provide a specific religious diet as long as the prison offers alternatives to food that would violate religious dietary precepts, such as a vegan diet that does not offend religious principles. *See Watkins v. Shabazz*, 180 Fed. App'x 773, 775 (9th Cir. 2006) (unpublished) (holding that a prison did not violate RLUIPA by failing to provide a Halal diet to an inmate because the prison offered "two alternatives to eating non-Halal meat: to eat the nutritionally equivalent meat substitute provided by the prison, or to find an outside religious organization to contract with the prison to provide Halal meat").

Therefore, Plaintiffs have failed to state a federal claim for relief, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *See* 28 U.S.C. § 1367(c).

**2.    Conclusion**

For the foregoing reasons, the Court will dismiss Plaintiffs' case with prejudice.

### ORDER

**IT IS ORDERED:**

1.    Plaintiffs' Motion to Review the Amended Complaint (Dkt. 12) is GRANTED.

2.    The proposed amended complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the

Initial Review Order (Dkt. 11), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

3.     Plaintiffs' Motion for Alternative Dispute Resolution (Dkt. 14) is DENIED as MOOT.

DATED: March 9, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER ON REVIEW OF AMENDED COMPLAINT - 4**